UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ROBINSON, # 172898,

     Plaintiff,

v.

ROSEVELT SHERROD,

     Defendant.

Case No. 20-cv-13358
Honorable Laurie J. Michelson

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This is a pro se civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff Darryl Robinson is a state prisoner confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan.[1] Having reviewed the complaint, the Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there

---

[1] On the form complaint, Plaintiff indicates that he is a convicted and sentenced *federal* prisoner. (ECF No. 1, PageID.5.) Plaintiff is incarcerated in a state prison and, according to the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS), he is serving a life sentence for a second-degree murder conviction rendered in Muskegon County Circuit Court. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=172898. The Court may take judicial notice of information on OTIS, *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004), and concludes that Plaintiff is incarcerated pursuant to a state court conviction. *Cf. Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (allowing court to take judicial notice of information contained on the Federal Bureau of Prisons' inmate locator service).

is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials

"reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

"[T]he court must determine whether the case falls within one of the three categories set out in

§ 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be

dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W.*

*Dist. Of Texas*, 571 U.S. 49, 55 (2013). If venue is improper in the district where a case is filed,

but would be proper in another district, "a district court has the power to *sua sponte* transfer [the]

case" under section 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472

(6th Cir. 2012).

The complaint names a single defendant, Rosevelt Sherrod, who is employed at the Earnest

C. Brooks Correctional Facility, and concerns events that occurred there. The Earnest C. Brooks

Correctional Facility is in Muskegon County, which is located in the Western District of Michigan.

*See* 28 U.S.C. § 102(b)(1). Because the defendant is located in the Western District and the events

giving rise to this action arose there as well, venue is not proper in this district. The case will be

transferred to the Western District of Michigan, as venue is proper there.

The Clerk of Court is ordered to transfer this case to the United States District Court for

the Western District of Michigan.

SO ORDERED.

Dated: January 13, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

2